STATE TEACHERS RETIREMENT BOARD, APPELLEE, *v.*
KINNEY, COMMR., APPELLANT.

(No. 81-470—Decided December 30, 1981.)

*Folkerth, Calhoun, Webster, Mauer & O'Brien, Mr. Jack
W. Folkerth* and *Mr. Jeffrey T. Folkerth,* for appellee.
*Mr. William J. Brown,* attorney general, and *Mr. Mark
A. Engel,* for appellant.

CLIFFORD F. BROWN, J. Government and public property, in certain circumstances, is exempt from real property taxation, as provided in R. C. 5709.08.[1] This court has held that for property to be exempt from taxation under R. C. 5709.08, three conditions must be met. The property must be public property, the use thereof must be for a public purpose, and the property must be used exclusively for a public purpose. *Carney* v. *Cleveland* (1962), 173 Ohio St. 56, paragraph one of the syllabus. Since the parking lot at issue is owned by a state agency, the first condition for exemption has been met. *Muskingum* v. *Walton* (1970), 21 Ohio St. 2d 240.

The retirement board, by investing, conserving and disbursing funds contributed by our state's teachers, indisputably serves a public purpose, helping to secure and retain qualified teachers, and thereby improving the quality of instruction in the public school system. See *State Teachers Retirement Bd., supra,* at 62. The issue facing this court, however, is whether a parking lot designed to be used only by employees of the retirement board, is property used for a public purpose, and exclusively for such public purpose. We conclude it is not.

General laws exempting real or personal property from taxation are to be strictly construed and exemption may not be granted unless the right thereto is clearly shown. *Youngstown Metro. Housing Auth.* v. *Evatt* (1944), 143 Ohio St. 268, paragraph two of the syllabus. See, also, *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, 201. *Goldman* v. *Bentley Post No. 50* (1952), 158 Ohio St. 205, 207. The property sought to be exempted here is used to provide free parking for employees. Access is limited by a fence and by control gates which are operated by inserting a plastic "key card." There is no evidence in the record which indicates that anyone but employees have been issued such cards. We fail to see how this employee-only parking lot constitutes a use exclusively for a public purpose. While this court has, in the past, granted exemptions for parking structures, such structures

---

[1] R. C. 5709.08 provides, in relevant part:

"Real or personal property belonging to the state or United States used exclusively for a public purpose, and public property used exclusively for a public purpose, shall be exempt from taxation * * * ."

were found essential to the function of the public *facility,* and were accessible to the public using the facility. *Bowers* v. *Akron City Hospital* (1968), 16 Ohio St. 2d 94, 96.[2] There is no evidence here that provision of a free parking lot is essential to retaining high caliber employees. The central business district in which the retirement board headquarters is located contains numerous parking facilities, and is well served by the regional transit system.

Additionally, R. C. 5709.121[3] specifically defines what constitutes exclusive use of real property and tangible personal property belonging to a charitable institution or an educational institution, or to the state, or to a political subdivision of the state. As one of the criteria for the determination of the exclusive use, this section provides that property belonging to any of the above entities shall be considered as used exclusively for charitable or public purposes if "(B) otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of

---

[2] The decision we reach is consistent with our earlier holdings granting tax exemptions for parking lots and other off-street parking facilities used for public or charitable purposes. See *Good Samaritan Hospital* v. *Porterfield* (1972), 29 Ohio St. 2d 25 (parking garage essential to proficiency of hospital which is operated exclusively for charitable purposes pursuant to R. C. 5739.02[B][12]); *Graf* v. *Warren* (1967), 10 Ohio St. 2d 32 (underground parking facilities of State Underground Parking Commission constructed and operated pursuant to R. C. 5538.22 *et seq.*); *Cleveland* v. *Carney* (1961), 172 Ohio St. 189 (municipal auditorium and exhibit hall containing underground parking facilities tax exempt under R. C. 5709.08).

[3] R. C. 5709.121 provides:

"Real property and tangible personal property belonging to a charitable or educational institution or to the state or a political sub-division, shall be considered as used exclusively for charitable or public purposes by such institution, the state, or political subdivision, if it is either:

"(A) Used by such institution, the state, or political subdivision, or by one or more other such institutions, the state, or political subdivisions under a lease, sublease, or other contractual arrangement:

"(1) As a community or area center in which presentations in music, dramatics, the arts, and related fields are made in order to foster public interest and education therein;

"(2) For other charitable, educational, or public purposes;

"(B) Otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit."

or incidental to its charitable, educational, *or public purposes* and not with the view to profit." (Emphasis added.)

This definition, or explanatory section of law, was obviously enacted by the General Assembly to define the term "used exclusively for charitable purposes," and the term "used exclusively for public purposes" as such terms are found within the total Chapter 5709, not just applicable to R. C. 5709.12.[4] Those terms are used in a number of sections within Chapter 5709.

The five parcels comprising a parking lot owned by the State Teachers Retirement Board constitutes "real property belonging to the state" as that term is used in R. C. 5709.08. The language of subsection (B) of R. C. 5709.121 is applicable to real property "belonging to the state" as that term is used in R. C. 5709.08, but a new parking lot owned by the State Teachers Retirement Board restricted to exclusive use by its employees is not "in furtherance of or incidental to its * * * *public purposes* and not with the view to profit" as provided in R. C. 5709.121(B). (Emphasis added.)

Subsection (A) of 5709.121 also requires real property belonging to the state, in order to be exempt from taxation, to be "[u]sed by * * * the state * * * (2) [f]or other charitable, educational, or *public purposes."* For the same reasons appellee's parking lot does not meet the public purpose test of subsection (A).

There is no nexus between a parking lot owned by the retirement board and used exclusively for its employees and the public purpose served by the board. We conclude, therefore, that the five parcels comprising a parking lot owned by the retirement board are not exempt from taxation. The decision of the Board of Tax Appeals determining otherwise is unreasonable and unlawful, and is, therefore, reversed.

*Decision reversed.*

CELEBREZZE, C. J., W. BROWN and KRUPANSKY, JJ., concur.

SWEENEY, LOCHER and HOLMES, JJ., dissent.

---

[4] The pertinent part of R. C. 5709.12 provides:

" * * * Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation. * * * "

Holmes, J., dissenting.   I must dissent from the majority herein, in that neither the syllabus law nor the opinion accurately sets forth the law of R. C. Chapter 5709 relative to the facts presented within this case.

There is no question, even in the majority opinion, that the parking lot here is owned by a state agency, nor is there a question that the State Teachers Retirement Board serves a public purpose. Where the majority lost its way is in interpreting what the General Assembly has, in my view, clearly defined as being used exclusively for public purposes. The latter has been defined in R. C. 5709.121.

This court has previously held in *State Teachers Retirement Board* v. *Bd. of Tax Appeals* (1964), 177 Ohio St. 61, that "[t]he subject property, used solely by the board in the management of the retirement system, is 'public property used exclusively for a public purpose' and 'exempt from taxation' within the meaning of Section 5709.08, Revised Code.'" In that case, this court permitted tax exemption for real property which the State Teachers Retirement Board owned and on which they had built an office building to house their offices used to manage the State Teachers Retirement System.

In addition to the office building there were also 70 parking spaces used by visitors and employees at no charge. If property then owned by the retirement board was public property, it would seem that property now owned by the retirement board would be public property. The board purchased the property in question when it found it necessary to expand its existing building. The expansion consumed 50 of the existing parking spaces. The new property was purchased for use as a parking lot. If the board had built a second building on the new property to meet its expanding needs rather than add on to the existing building, the new building would certainly be exempt from taxation and there would still be parking available for employees. So, it would seem that constructing an addition to the existing building and moving the parking lot to a different parcel of land would still enable the new lot to be exempt from taxation.

This property is being used exclusively for the public purposes of appellee. This property has been provided for the sole use of the employees of appellee. The offering of parking

privileges is a known and recognized perquisite of urban employment and one that adds materially to good employer-employee relationships.

Further, it may reasonably be concluded that since the employees are now provided parking facilities at the new site, the parking spaces remaining at the original site may now be utilized by the public which has business to conduct with the staff of the State Teachers Retirement Board housed in the office building.

In construing the predecessors of R. C. 5709.12, property used exclusively for a charitable purpose, this court, in *Aultman Hospital Assn.* v. *Evatt* (1942), 140 Ohio St. 114, allowed tax exemption for a house for nurses two blocks from the hospital. In *University Circle Development Foundation* v. *Peck* (1964), 95 Ohio Law Abs. 353, the court allowed tax exemption for a "charitably used" parking lot. And the reasoning of this last case was approved by this court in *Bowers* v. *Akron City Hospital* (1968), 16 Ohio St. 2d 94. Also, under this section the court in *University Circle Development Fund* v. *Auditor* (1963), 93 Ohio Law Abs. 65, found that parks associated with a charity qualified for tax exemption under that charity's "exclusive purpose" exemption.

The definition of what constitutes the exclusive use for a public purpose has been set forth in R. C. 5709.121. This court construed this section in *Cincinnati Nature Center* v. *Bd. of Tax Appeals* (1976), 48 Ohio St. 2d 122, where the court, at page 125, stated:

"To fall within the terms of R. C. 5709.121, property must (1) be under the direction or control of a charitable institution or state or political subdivision, (2) be otherwise made available 'for use in furtherance of or incidental to' the institution's 'charitable * * * or public purposes,' and (3) not be made available with a view to profit. Since the statute is clear as to what property is deemed under it to be 'used exclusively for charitable or public purposes,' the board's contentions that exempt property must be made available to another charitable institution or to the public are without merit."

Therefore, it is reasonable to assume that this definition should apply to the facts of this case.

Applying R. C. 5709.121(B), it may be reasonably con-

cluded that the use of the new parking lot by the State Teachers Retirement System is "in furtherance of or incidental to its * * * public purposes and not with the view to profit."

I would affirm the decision of the Board of Tax Appeals as being both reasonable and lawful.

SWEENEY and LOCHER, JJ., concur in the foregoing dissenting opinion.