CINCINNATI COMMUNITY KOLLEL, APPELLANT, *v.* TESTA,

TAX COMMR., APPELLEE.

[Cite as *Cincinnati Community Kollel v. Testa,* 135 Ohio St.3d 219,

2013-Ohio-396.]

*Taxation—Real property—R.C. 5709.121(A)(2)—Exemption for real property belonging to educational institution used in furtherance of educational purposes—Residential buildings provided for staff scholars and their families may be considered as "used in furtherance of" educational purpose when premises are used for institution's educational programs— Statute does not require that such educational activities be primary or principal use of property.*

(No. 2012-0015—Submitted February 6, 2013—Decided February 13, 2013.)

APPEAL from the Board of Tax Appeals,

Nos. 2008-A-1367, 2008-A-1368, and 2008-A-1369.

_____

**Per Curiam.**

**{¶ 1}** R.C. 5709.121(A)(2) provides that real property belonging to an educational institution is exempt from taxation if it is made available under the direction or control of the institution for use in furtherance of or incidental to its educational purposes and not with a view to profit. Appellant, Cincinnati Community Kollel, an educational institution for purposes of R.C. 5709.121, sought exemptions for three residential apartment buildings based on the claim that the properties were being used in furtherance of its educational purposes. The tax commissioner denied the exemptions, and the Board of Tax Appeals ("BTA") affirmed.

**{¶ 2}** On the merits, the kollel argues that the BTA misconstrued and misapplied R.C. 5709.121(A)(2) and failed to cite competent and probative evidence to support its decision. For the reasons that follow, we agree and reverse the decision of the BTA and remand for further consideration.

**Facts and Procedural Background**

**{¶ 3}** Cincinnati Community Kollel, an Ohio nonprofit corporation, is an institute that is devoted to the advanced study of Jewish religious texts. The kollel combines this mission with the goal of providing educational opportunities and outreach events for the Jewish community where it is situated. According to the kollel's constitution, its purpose is to "provide an environment of Torah study, combining the advanced studies of the *kollel* staff scholars with a venue for community learning." (Italics sic.) The kollel performs this service "in the sincere belief that this Institution will elevate the spirit of, and thereby enhance, the Jewish Community of Cincinnati."

**{¶ 4}** The kollel sought real property tax exemptions on three parcels that it owns on Elbrook Avenue in the Hamilton County village of Golf Manor. The parcels are adjacent to each other, with each parcel containing one building. Each building is divided into two residential apartments. The apartments are occupied by the kollel's "staff scholars" and their families. The staff scholars are Torah scholars who have moved to the kollel to continue their own Torah studies and to teach others in the Cincinnati community. While the staff scholars study and teach at the kollel, they and their families live rent-free in the apartment buildings.

**{¶ 5}** In cases involving tax years 1998 through 2002, the BTA previously held that two of the apartment buildings at issue in this case were not entitled to an exemption. *See Cincinnati Community Kollel v. Wilkins*, BTA Nos. 2004-K-1441 and 2004-K-1442, 2006 WL 200649 (Jan. 20, 2006). Specifically, the BTA found that irrespective of how the property was used, the kollel was not

entitled to an exemption, because it was not an "educational institution" within the meaning of R.C. 5709.121. *Id*. at *4.

{¶ 6}  In *Cincinnati Community Kollel v. Levin*, 113 Ohio St.3d 138, 2007-Ohio-1249, 863 N.E.2d 147, we reversed the BTA and held that the kollel did qualify as an educational institution for purposes of R.C. 5709.121.  We did not, however, decide whether the kollel's properties were being used in a manner that qualified for an exemption under R.C. 5709.121(A), and we remanded the case to the BTA for consideration of that issue. *Id.* at ¶ 20-21.

{¶ 7}  On remand, the BTA found that "[t]he record supports [the kollel's] contention that some learning occurs at the subject property." *Cincinnati Community Kollel v. Levin,* BTA Nos. 2004-K-1441 and 2004-K-1442, 2007 WL 2688699, *2 (Aug. 31, 2007).  The BTA, however, found that the "principal use" of the apartments was "residential in nature." *Id*.  Thus, despite finding that the apartment buildings were "used in a manner not inconsistent with [the kollel's] mission," the BTA determined that the kollel did not qualify for an exemption under R.C. 5709.121, because the apartments were "used at all times and primarily as a private personal residence." *Id*. at *3.  The kollel appealed to this court, but we dismissed the appeal for want of prosecution. *Cincinnati Community Kollel v. Levin*, 116 Ohio St.3d 1407, 2007-Ohio-6173, 876 N.E.2d 965.

{¶ 8}  In the instant matter, the kollel sought exemptions relating to tax years 2004 through 2007 for the two apartment buildings that were at issue in BTA case Nos. 2004-K-1441 and 2004-K-1442.  The kollel also sought an exemption for tax year 2004 for a third apartment building that had been purchased after the tax years at issue in the earlier case.  The kollel's exemption claim was filed pursuant to R.C. 5709.121(A)(2), based on its status as an educational institution and on the claim that the properties were being used in furtherance of the kollel's educational purpose.  The tax commissioner denied the

exemption.[1]  In denying the exemption, the commissioner did not expressly determine whether the kollel was an educational institution for purposes of R.C. 5709.121.  Instead, the commissioner focused primarily on the fact that the subject properties were used as residential apartments that house the kollel's staff scholars and their family members.

{¶ 9}  The kollel appealed to the BTA, which held a hearing on the matter in July 2010.  Following the hearing, the BTA affirmed the tax commissioner's decision.  The BTA first found that the kollel is an educational institution for purposes of R.C. 5709.121 based on our holding in *Cincinnati Community Kollel*, 113 Ohio St.3d 138, 2007-Ohio-1249, 863 N.E.2d 147.  The BTA then turned to the question whether the three residential buildings were used in furtherance of or incidental to the kollel's educational purposes.  For this part of its decision, the BTA relied extensively on the analysis and legal conclusions set forth in *Cincinnati Community Kollel v. Levin*, BTA Nos. 2004-K-1441 and 2004-K-1442, 2007 WL 2688699 (Aug. 31, 2007).  The BTA held, as it had in that earlier case, that the buildings were not used to further the kollel's educational purposes, because the principal and primary use of the properties was as private residences.

{¶ 10}  The kollel has filed this appeal of right from the BTA's decision.

## Analysis

### I.  The Issue on Appeal

{¶ 11}  This appeal questions the BTA's interpretation and application of R.C. 5709.121(A)(2), which provides:

{¶ 12}  "(A) Real property * * * belonging to a charitable or educational institution * * * shall be considered as used exclusively for charitable or public purposes by such institution * * * if it meets one of the following requirements:

---

1. The tax commissioner did grant remission of all penalties associated with the tax years in question.

{¶ 13} "* * *

{¶ 14} "(2) It is made available under the direction or control of such institution * * * for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit."

{¶ 15} There is no dispute here that (1) the kollel is an educational institution, (2) the subject property has been made available under the kollel's direction or control, and (3) there is no view to profit. The parties agree that the sole issue presented for review is whether, under R.C. 5709.121(A)(2), the property is made available for use "in furtherance of" the kollel's educational purposes.

## II. Standard of Review

{¶ 16} When an appellant challenges a decision of the BTA, this court looks to see whether the BTA's decision was "reasonable and lawful." *Columbus City School Dist. Bd. of Edn. v. Zaino*, 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2001). We "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001). The BTA is also responsible for deciding factual issues, and if the record contains reliable and probative evidence to support the BTA's determinations, this court will affirm them. *Am. Natl. Can Co. v. Tracy*, 72 Ohio St.3d 150, 152, 648 N.E.2d 483 (1995).

{¶ 17} Moreover, any claimed exemption from taxation "must be strictly construed, and the taxpayer must affirmatively establish a right to the exemption." *Athens Cty. Aud. v. Wilkins*, 106 Ohio St.3d 293, 2005-Ohio-4986, 834 N.E.2d 804, ¶ 8. *See also* R.C. 5715.271 ("the burden of proof shall be placed on the property owner to show that the property is entitled to exemption").

### III. The BTA's Decision Was Unlawful and Unreasonable

**{¶ 18}** The kollel asserts that the BTA erred as a matter of law in construing and applying R.C. 5709.121(A)(2). The kollel also maintains that the record does not support the BTA's decision.

### A. The BTA's reliance on its earlier decision in case Nos. 2004-K-1441 and 2004-K-1442 was misplaced

**{¶ 19}** In its decision and order in this matter, the BTA relied extensively on the analysis and legal conclusions set forth in its earlier decision, *Cincinnati Community Kollel v. Levin*, BTA Nos. 2004-K-1441 and 2004-K-1442, 2007 WL 2688699 (Aug. 31, 2007) (the "2007 remand decision"). That decision was issued after our remand order in *Cincinnati Community Kollel v. Levin*, 113 Ohio St.3d 138, 2007-Ohio-1249, 863 N.E.2d 147, in which we held that the kollel qualified as an educational institution for purposes of R.C. 5709.121. We instructed the BTA on remand to consider "whether the purposes for which the kollel uses the apartment buildings qualify those buildings for a property-tax exemption under R.C. 5709.121(A)." *Id.* at ¶ 21.

**{¶ 20}** In the 2007 remand decision, the BTA expressly limited its analysis to considering whether the property at issue qualified for exemption under former R.C. 5709.121(A)(2), which, pursuant to a 2005 amendment to the statute, is now codified as R.C. 5709.121(A)(1)(b). Am.Sub.H.B. No. 66, 151 Ohio Laws, Parts II-III, 2868, 4403. That provision exempts property of educational institutions as long as the property is used for "other charitable, educational, or public purposes." In the present case, the BTA quoted extensively from its 2007 remand decision, found that the evidence submitted in this case was essentially the same as the evidence submitted in that earlier case, and rejected the kollel's arguments for exemption here on the grounds that its "evaluation of [the kollel's] use of the subject residences ha[d] not changed." *Cincinnati Community*

*Kollel v. Levin*, BTA Nos. 2008-A-1367, 2008-A-1368, and 2008-A-1369, 2011 WL 6323047, at *7 (Dec. 13, 2011).

{¶ 21} We conclude that the BTA erred by relying on the 2007 remand decision when deciding the present appeal. In that earlier case, the BTA never considered whether the property at issue qualified for exemption under a separate provision of R.C. 5709.121: former R.C. 5709.121(B), now codified as R.C. 5709.121(A)(2). 151 Ohio Laws, Parts II-III, 2868, 4403. That provision exempts property of an educational institution that is "made available under the direction or control of such institution * * * for use in furtherance of or incidental to its charitable, educational, or public purposes and not with the view to profit." The BTA's focus in the present case ought to have been on whether the use of the property was "in furtherance of or incidental to" the kollel's educational purposes, and that question differs from the question whether the use of the property was one that involved "other charitable, educational, or public purposes." It was not proper for the BTA to rely on an earlier decision when the legal standard applied in that decision was different from the one to be applied in the present case.

*B. The BTA misconstrued the plain language of R.C. 5709.121(A)(2)*

{¶ 22} The kollel contends that the BTA erred in requiring a minimum quantity of educational activity in order to meet the "in furtherance of" requirement set forth in R.C. 5709.121(A)(2). According to the kollel, there is no legal authority that requires a certain level of educational activity to occur on the property for an exemption to be granted.

{¶ 23} R.C. 5709.121(A) provides that "[r]eal property and tangible personal property belonging to a charitable or educational institution * * * shall be considered as used exclusively for charitable or public purposes * * * if it meets" one of the specified criteria under the statute. In prior cases, we have explained the relationship between R.C. 5709.121 and 5709.12. "R.C. 5709.121 does not declare any property to be exempt but links certain property uses to R.C.

5709.12(B)'s exclusive-charitable-use exemption." *Dialysis Clinic, Inc. v. Levin*, 127 Ohio St.3d 215, 2010-Ohio-5071, 938 N.E.2d 329, ¶ 22. Under R.C. 5709.12(B), "[r]eal and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation." Thus, pursuant to R.C. 5709.12(B), any institution, charitable or noncharitable, may qualify for a tax exemption if it is making exclusive charitable use of its property. But if the property belongs to a charitable or educational institution, R.C. 5709.121 defines what constitutes exclusive use of property in order to be exempt from taxation. *Community Health Professionals, Inc. v. Levin*, 113 Ohio St.3d 432, 2007-Ohio-2336, 866 N.E.2d 478, ¶ 17; *Dialysis Clinic* at ¶ 24. *See also State Teachers Retirement Bd. v. Kinney*, 68 Ohio St.2d 195, 197-198, 429 N.E.2d 1069 (1981).

{¶ 24} The kollel sought exemption under R.C. 5709.121(A)(2), claiming that the subject property was used "in furtherance of or incidental to" its educational purposes. The BTA acknowledged that some educational activities and programs were taking place at the kollel's apartment buildings. 2011 WL 6323047, *6. The BTA, however, focused on the amount of time that the apartments were being used for educational activities and found that the level of activity was insufficient to qualify for a tax exemption under R.C. 5709.121(A)(2). According to the BTA, even though the properties were used at certain times in a manner not inconsistent with the kollel's mission, the primary use of the properties was as private residences. *Id*. at *7. The BTA acknowledged that housing has been exempted from taxation in certain situations that required the "around-the-clock presence of the resident" to carry out the institution's purposes. *Id*. But the BTA found that the use of the kollel's apartments was not comparable to those situations, and because the "principal use" of the properties was residential, the BTA affirmed the tax commissioner's denial of the exemptions. *Id*. at *6.

**{¶ 25}** The first rule of statutory construction requires courts to look at the statute's language to determine its meaning. If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms. *Lancaster Colony Corp. v. Limbach*, 37 Ohio St.3d 198, 199, 524 N.E.2d 1389 (1988). Courts may not delete words used or insert words not used. *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991).

**{¶ 26}** We find that the BTA misconstrued the plain meaning of the language set forth in R.C. 5709.121(A)(2). The BTA's interpretation of R.C. 5709.121(A)(2) went beyond the statutory language and in effect imposed a primary-use test to qualify the subject property for a tax exemption. But there is no primary-use or principal-use test set forth in R.C. 5709.121. Indeed, this court previously rejected the argument that property must be primarily used for the purposes specified in R.C. 5709.121 to qualify for tax exemption. *Galvin v. Masonic Toledo Trust*, 34 Ohio St.2d 157, 159-160, 296 N.E.2d 542 (1973). Rather, R.C. 5709.121(A)(2) provides a clear test for exemption: property belonging to an educational institution is marked for exemption if it is "use[d] in furtherance of or incidental to" the institution's educational purposes and not with a view to profit. Had the General Assembly intended for an exemption to hinge on the primary or principal use of the property, it could have used words to that effect.

**{¶ 27}** Contrary to the BTA's apparent belief, nothing in the statutory language or case law makes residential use inimical to a finding that such use is "in furtherance of" the kollel's educational purposes. Historically, as the tax commissioner points out, a distinctly residential use of real property has defeated a charitable-use exemption claim, even when the property is used at times for charitable purposes. But this principle applies to R.C. 5709.12, not R.C. 5709.121. *See NBC-USA Hous., Inc.–Five v. Levin*, 125 Ohio St.3d 394, 2010-

Ohio-1553, 928 N.E.2d 715, ¶ 6-9, 17-18. *See also Galvin* at 159-160 (reliance on case law construing R.C. 5709.12 developed prior to the enactment of R.C. 5709.121 is improper). In short, nothing about the phrase "in furtherance of" in R.C. 5709.121(A)(2) disqualifies residential property for exemption.

{¶ 28} Likewise, no requirement exists in R.C. 5709.121 that a resident be present "around the clock" to carry out the institution's purposes, contrary to the BTA's holding in this case. Rather, when considering the question whether an educational institution uses its property in furtherance of or incidental to its educational purposes, the focus of the inquiry should be on the relationship between the actual use of the property and the purpose of the institution. *See Community Health Professionals, Inc. v. Levin*, 113 Ohio St.3d 432, 2007-Ohio-2336, 866 N.E.2d 478, ¶ 21.

{¶ 29} In sum, we find that the BTA's interpretation of R.C. 5709.121(A)(2) was incorrect as a matter of law.

### C. The BTA's determination was not supported by reliable and probative evidence

{¶ 30} The kollel also challenges the evidence relied on by the BTA to support its decision. The kollel argues that the BTA cited no evidence that would support a finding that the apartment buildings were not being used in furtherance of the kollel's educational goals. We agree.

{¶ 31} After summarizing the testimony presented by the kollel, the BTA found that the kollel did not meet its burden of proving that the subject properties were used in furtherance of or incidental to its educational purposes. As evidence to support its decision, the BTA cited the kollel's tax-exemption application. Question 14 of the application asks the taxpayer to describe how the property is currently being used. The BTA found that the kollel had answered this question in the following manner: "This property was a 2-story, 4-family apartment building. The Applicant converted it into a 2-family apartment building, with one

apartment on each floor. The property houses two of the Applicant's staff members (scholars) and their families." According to the BTA, the kollel's answer made "no mention of an educational component to the residences." 2011 WL 6323047, *6. But the BTA overlooked the second paragraph of the kollel's answer, which states: "In addition to living in the apartments, the scholars, alone, and with their wives, carry on activities in their residences that are an integral part of the Kollel's various educational programs."

{¶ 32} The BTA also attempted to rebut the kollel's evidence with a statement written in the kollel's posthearing brief. The BTA apparently found probative counsel's statement that "[t]he Kollel scholars and their families mostly use the apartments in the ordinary fashion." Statements made by counsel are not evidence, however. *See Corporate Exchange Bldgs. IV & V, L.P. v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 300, 695 N.E.2d 743 (1998). And even if counsel's statement qualified as evidence, the BTA quotes it out of context, omitting the sentence immediately following the quoted excerpt, which states: "However, the Kollel scholars also use their apartments in ways that are unrelated to their family lives, but are specifically in furtherance of or incidental to the Kollel's charitable and educational purposes."

**Conclusion**

{¶ 33} Based on the foregoing, we reverse the decision of the BTA. The BTA applied the wrong legal standard and failed to cite reliable and probative evidence to support its decision. We therefore remand the case to the BTA to review the evidence submitted in this case and determine whether the subject property was used in furtherance of the kollel's educational purposes.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Simon Groner, for appellant.

Michael DeWine, Attorney General, and Ryan P. O'Rourke, Assistant Attorney General, for appellee.

_____