TIMOTHY P. CANNON, J., concurring.
{¶ 33} I concur with the judgment and analysis of the lead opinion. I write separately because I also agree with the analysis employed by the trial court in this matter; I therefore concur with the decision to affirm the trial court's judgment for additional, not different, reasons. If the statute was meant to obligate recording, it should have directed who was obligated to record and the consequences for failing to do so.
{¶ 34} I also find it necessary to note that the dissent's criticism of the lead opinion regarding the word "shall" appears misplaced. Nowhere in the lead opinion is there a statement or inference indicating an intention to embrace anything other than "mandatory" as the appropriate definition of "shall." The disagreement here, aptly stated, is regarding what actions the word "shall" was intended to apply-not regarding the definition of "shall."
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
{¶ 35} I respectfully dissent from the majority's analysis and affirmance of the lower court's dismissal of the appellants' complaint, which seeks to recoup the losses they have experienced, and remedy the confusion that has been caused from MERS' failure to properly record assignments of mortgages. Since a thorough examination of the pertinent statutory language reveals that recordation is mandatory, the trial court's decision should be reversed.
{¶ 36} To determine the proper outcome, it is critical to correctly apply and understand the legislature's use of the term "shall." In both R.C. 5301.25 and 5301.32, the legislature stated that pertinent documentation, including mortgages and assignments "shall be recorded " in the office of the county recorder. (Emphasis added.) The meaning of the word "shall" is well-settled law. The Ohio Supreme Court has repeatedly held that "shall" is to be "interpreted to make mandatory the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other *623 than its ordinary meaning." (Emphasis added.) State v. Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 19, quoting Lakewood v. Papadelis, 32 Ohio St.3d 1, 3-4, 511 N.E.2d 1138 (1987) ; Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife , 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 16. Further, "shall" is commonly defined as "has a duty to" or "is required to." Black's Law Dictionary 1407 (8th Ed. 2004). The definition's notes explain that "[t]his is the mandatory sense that drafters typically intend."
{¶ 37} This is not one of those few cases where "shall" addresses conduct that is anything other than mandatory, since the legislature has not indicated that to be the case. No language was included to mitigate the mandatory effect of the word "shall." We need look no further than the statutes' plain language, since, "[i]f the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end." Cincinnati Community Kollel v. Testa , 135 Ohio St.3d 219, 2013-Ohio-396, 985 N.E.2d 1236, ¶ 25.
{¶ 38} Looking at the statutes in their proper context, the legislature used the word "shall" immediately prior to the term "be recorded." This leads to the conclusion that the language means exactly what it states: pertinent documents must be recorded in all situations. Such a reading is supported by further reference to the statutes.
{¶ 39} First, the general wording of the statutes shows the legislative intent for all mortgages to be recorded. While the majority argues that these words merely allow recording but mandate where such recording should take place, this result could and would have been achieved through the use of entirely different language. For example, the statute could have simply read "may be recorded." Or, the statute could have stated "if a party wishes to record a mortgage, such recording shall take place at the county recorder's office" or that recording "shall only be perfected by filing in the county recorder's office in the county where the property is located." This would convey an entirely different meaning than that a mortgage or assignment "shall be recorded."
{¶ 40} Additional wording within R.C. 5301.25 provides further context. Immediately after the provision requiring that the pertinent document "shall be recorded," the statute states the following: "Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument." (Emphasis added.) Use of the word "until" in this context indicates that the action of recording should take place at some time. See Webster's II New College Dictionary 1239 (3d Ed. 2005) ("until" is defined as "[u]p to the time of"). If the word "shall" did not mandate recordation, the second sentence would more likely read "if the deed is not recorded," the applicable penalties will apply. Again, there were many ways the legislature could have worded the statute if it intended to make recording optional or discretionary, yet the legislature did not do so.
{¶ 41} Finally, subsection (C) of R.C. 2301.25, states that "tax certificates * * * may be recorded in the office of the county recorder of the county in which the premises are situated." Under the majority's interpretation of the law, both "may" and "shall" would have the exact same meaning within the same section of the Revised Code. Presumably, since the legislature used two separate terms (shall and may), the legislature recognized that they must have different meanings. Compare Day v. 
*624 James Marine, Inc. , 518 F.3d 411, 416 (6th Cir. 2008) ("If words are known by the surrounding 'company they keep,' Logan v. United States, 552 U.S. 23, 128 S.Ct. 475, 482, 169 L.Ed.2d 432 (2007), they are surely known by how they are used in the surrounding sections of the same statute * * *.").
{¶ 42} The majority's interpretation essentially holds that "shall" does not really mean "shall," but rather means "may." This "Alice through the Looking Glass" interpretation of the English language will cause confusion when considering the many statutes that use the term "shall." The interpretation advanced herein respects the English language, avoids confusion, and is consistent with the practical application of the recording statutes. As the appellants, who are in the best position to see the consequences from a lack of recording, have emphasized, the interpretation advanced by the majority and the appellees creates disorder for governmental entities attempting to make sense of property records-from the treasurers, to the sheriffs, to the records offices. This extends to the public, which has a right to be aware of property records.
{¶ 43} Pinney v. Merchants' Natl. Bank of Defiance , 71 Ohio St. 173, 72 N.E. 884 (1904), reinforces these concerns. Pinney explained that the recording acts "rest upon a recognition of the policy that there shall somewhere be found a record which will disclose the state of the title of all lands within the county" and that "[t]he business public, therefore, has a high interest in the maintenance of such a system as will enable every person, by the ordinary inquiry-that is, an examination of the records-to ascertain the condition of titles." (Citation omitted.) Id. at 182, 72 N.E. 884. This is consistent with the mandate that mortgages "shall be recorded."
{¶ 44} Further, while this specific issue has not been ruled upon in Ohio, a "requirement" to record has been referenced in several courts. Mid Am. Natl. Bank & Trust Co. v. Comte/Rogers Dev. Corp. , 6th Dist. Lucas No. L-95-329, 1996 WL 549249, 2 (Sept. 30, 1996) ( R.C. 5301.32"requires that the instrument be recorded"); Greene v. Katz , 8th Dist. Cuyahoga Nos. 37639, et al., 1978 WL 218135, 3 (Oct. 12, 1978) ( R.C. 5301.25"requires the recording of leases"); see also Cleveland v. Ibrahim , N.D.Ohio No. 1:01 CV 1582, 2003 WL 24010953, 1, fn. 3 (May 29, 2003) (noting that the pertinent statutes require "recordation"). While the majority cites cases from other states that have ruled to the contrary, those are not binding precedent that must or should be followed by this court.
{¶ 45} As is demonstrated above, the pertinent statutes must be applied to require recording, since they do not "contain a clear and unequivocal intent that 'shall' * * * means anything other than 'must.' " Risner , 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, at ¶ 16. An examination of the complete statutory language only serves to bolster this conclusion. The impact that the failure to record has on the counties and public as a whole further affirms the propriety of the legislative use of the word "shall" and why the legislature's mandate must be enforced.
{¶ 46} The concurring judge mischaracterizes the foregoing as criticizing the majority's understanding of the word "shall." As is plainly indicated throughout this opinion, the problem with the majority's decision is the majority's failure to give the plain meaning to the word "shall" ascribed to it by the English language and instead redefining the word. This results in the reinterpretation of the plain language used by the Legislature and the incorrect application of the law in this case.
*625 {¶ 47} For these reasons, the trial court's judgment should be reversed.