[Cite as *Cuyahoga Cty. Treasurer v. Cleveland Hts. Holdings, L.L.C.*, 2020-Ohio-1386.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA
COUNTY, OHIO,                          :

      Plaintiff-Appellee,        :

                                                         No. 108643

      v.                          :

CLEVELAND HEIGHTS
HOLDINGS L.L.C., ET AL.,               :

      Defendants-Appellants.     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-881181

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Michael Kenny and Hannah Singerman, Assistant Prosecuting Attorneys, *for appellee.*

Ulmer & Berne, L.L.P., Dolores P. Garcia Prignitz, and Michael S. Tucker, *for appellants.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Intervenor-appellant, ASG Funding, L.L.C. ("ASG"), appeals the trial court's decision granting plaintiff-appellee treasurer of Cuyahoga County's

("treasurer") (1) motion to vacate judgment of foreclosure and (2) motion to dismiss ASG's counterclaim. Finding no merit to the appeal, we affirm.

{¶ 2} In 2017, the treasurer initiated a tax foreclosure action against defendant-appellee Cleveland Heights Holdings, L.L.C. The complaint listed parcel 684-26-011 ("Parcel 011") and 684-26-012 ("Parcel 012"), the premises located at 1908 South Taylor Road in Cleveland Heights. Attached to the complaint was a delinquent land certificate for Parcel 011 and a preliminary judicial report that included legal descriptions for both Parcel 011 and Parcel 012. The treasurer subsequently amended the complaint to include the delinquent land certificate for Parcel 012. The delinquent land certificate for Parcel 011 listed the amount owed for taxes, assessments, and penalties at $414,590.21. The delinquent land certificate for Parcel 012 listed the amount owed for taxes, assessments, and penalties at $14,103.15.

{¶ 3} In September 2018, a magistrate entered a decision granting foreclosure on both parcels, finding that the treasurer was owed $414,590.21 for "all taxes, assessments, penalties, interest and other charges" plus "all the fees and costs of the Sheriff" in the amount of $6,025. The attorney for the treasurer, in preparing the magistrate's decision for signature, inadvertently omitted that amount which was due for taxes, assessments, and penalties on Parcel 012 — $14,103.15. *See* Treasurer's Motion to Vacate (filed Mar. 11, 2019).

{¶ 4} On October 3, 2018, the trial court entered a judgment entry adopting the magistrate's decision. The judgment entry ordered the property to be

sold at sheriff's sale, which was scheduled for December 3, 2018. The parcels were advertised to be sold together for a minimum bid of $657,156.76.

{¶ 5} ASG was the successful bidder on the property, paying $750,117 for both parcels. On December 28, 2018, the trial court entered the confirmation of sale and entered a single judgment entry specifying both parcels. The treasurer subsequently moved to vacate the confirmation of sale and the underlying foreclosure judgment. The treasurer argued that the judgment of foreclosure was void on its face "as its form violates O.R.C. 5721.18(A)," the confirmation of sale violated R.C. 5721.19(B) and was voidable, and "the sale, in itself was defective and invalid due to procedural mistakes regarding notice and the documents." The treasurer concedes it miscalculated the taxes, fees, and costs due on the parcels and omitted from the necessary documents that which was due on Parcel 012.

{¶ 6} ASG moved to intervene in the foreclosure action and attached a proposed answer and counterclaim. The trial court granted ASG's motion to intervene upon a stipulation from the parties. The treasurer filed a motion to vacate and a motion to dismiss the counterclaim. On March 7, 2019, the trial court vacated the sheriff's sale, the confirmation of sale, the magistrate's September 2018 decision granting foreclosure, and the court's October 3, 2018 order adopting the magistrate's decision. The court also granted the treasurer's motion to dismiss ASG's counterclaim and ordered any funds the sheriff had on deposit be returned to ASG.

{¶ 7} ASG filed the instant appeal and raises the following assignments of error for our review:

I. The Trial Court erred by granting the Motion to Vacate to the extent it granted the motion based on an understanding that the Foreclosure Judgment was void.

II. The Trial Court abused its discretion in granting the Motion to Vacate to the extent granting the motion was based on Civ.R. 60(B).

III. The Trial Court erred by dismissing the Counterclaim pursuant to Civ.R. 12(B) where ASG had standing to file the Counterclaim.

**Motion to Vacate**

{¶ 8} In the first and second assignments of error, ASG contends that the trial court erred in granting the motion to vacate. The treasurer filed its motion to vacate due to the foreclosure judgment being void (first assignment of error) and, in the alternative, pursuant to Civ.R. 60(B) (second assignment of error). We will consider each of these arguments in turn.

**Standard of Review**

**Motion to Vacate Void Judgment**

{¶ 9} This court reviews a trial court's decision regarding a motion to vacate a void judgment for an abuse of discretion. *Adams v. McElroy*, 8th Dist. Cuyahoga No. 105399, 2018-Ohio-89, ¶ 12, citing *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976.[1] An abuse of discretion implies that a trial

---

[1] In its appellate brief, ASG argues that the treasurer's motion to vacate was made pursuant to Civ.R. 12(B), and, therefore our review is de novo. *See Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2016-Ohio-5934, 71 N.E.3d 655, ¶ 8 (8th Dist.), citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000) ("Appellate review of a trial court's decision to

court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} Trial courts have inherent authority to vacate a void judgment. *Adams* at ¶ 14, citing *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976. Thus, while a motion may be styled as one made pursuant to Civ.R. 60(B), the authority to vacate is not derived from that rule "but rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus and *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, 631 N.E.2d 1120 (10th Dist.1993), citing *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 10th Dist. Franklin No. 90AP-629, 1990 Ohio App. LEXIS 5906 (Dec. 31, 1990).

**Civ.R. 60(B)**

{¶ 11} Civ.R. 60(B) provides that a trial court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment.

---

dismiss a case pursuant to Civ.R. 12(B)(1) and (B)(6) is de novo.") A review of the record, however, shows that the motion was not made pursuant to Civ.R. 12(B). The Civil Rule was never mentioned by either party in responsive briefs filed at the trial court level, and the trial court did not indicate that it granted the motion based on Civ.R. 12(B).

{¶ 12} A motion for relief for judgment filed pursuant to Civ.R. 60(B) is also reviewed for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987), citing *Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 66, 479 N.E.2d 879 (1985).

**Void Judgment – Application of R.C. 5721.18(A)**

{¶ 13} ASG's first contention is that the trial court erred in granting the motion to vacate because the trial court erroneously found that the foreclosure judgment was void. The treasurer argues that it moved to vacate the judgment of foreclosure because the sale and entry of foreclosure listed both Parcel 011 and Parcel 012 contrary to law and, further, did not indicate that both parcels were being sold. Additionally, the judgment did not include the taxes, fees, and costs due on Parcel 012.

{¶ 14} R.C. 5721.18(A) provides, in pertinent part: "In the foreclosure proceeding, the treasurer may join in one action any number of lots or lands, but the decree shall be rendered separately * * * ." The use of the word "shall" in R.C. 5721.18(A) imposes a requirement that each lot or parcel of land receive its own decree. The statute is written in mandatory terms. "'[A]n unambiguous statute is to be applied, not interpreted.'" *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 8, quoting *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. We need look no further than the statute's plain language, since, "[i]f the statute conveys a clear, unequivocal,

and definite meaning," there is no need for interpretation. *Cincinnati Community Kollel v. Testa*, 135 Ohio St.3d 219, 2013-Ohio-396, 985 N.E.2d 1236, ¶ 25.

{¶ 15} Looking at the statute in its context, the legislature used the word "shall" immediately prior to the term "be rendered separately" and no language was included in the statute to mitigate the mandatory effect of the word "shall." This leads to the conclusion that the language means exactly what it states: that any number of lots or lands may be joined in a single action but each lot or land must have its own decree of foreclosure. To find otherwise would be to ignore the plain language of the statute.

{¶ 16} In *Treasurer of Guernsey Cty. v. Parcels of Land Encumbered with Delinquent Tax Liens (In re Foreclosure of Liens for Delinquent Land Taxes)*, 5th Dist. Guernsey No. 19CA000019, 2019-Ohio-4642, the Fifth Appellate District recognized that R.C. 5721.18(A) mandates that foreclosure decrees must be rendered separately. The appellate court upheld a trial court's decision to deny a party's motion to consolidate foreclosure matters on three parcels of land:

> In this case, we find no abuse of discretion in the trial court's denial of the motion to consolidate as the decision was not arbitrary, unreasonable, or unconscionable. The trial court determined that since each decree must be rendered separately pursuant to R.C. 5721.18(A), consolidation was not efficient and would not avoid unnecessary delays. Further, the clerk of courts requested actions involving multiple parcels of land be separated by case number in order to more efficiently complete its duties pursuant to R.C. 5721.18(B).

*Id.* at ¶ 17.

{¶ 17} In this case, because the judgment entry of foreclosure included more than one parcel in violation of R.C. 5721.18(A), it is void; therefore, the trial court did not abuse its discretion in granting the treasurer's motion to vacate.

**Motion for Relief from Judgment**

{¶ 18} The treasurer argued, in the alternative, that it should be relieved from judgment based on mistake or excusable neglect (Civ.R. 60(B)(1)) or the catchall provision to Civ.R.60(B), "any other reason justifying relief from judgment" (Civ.R. 60(B)(5)).

{¶ 19} Counsel for the treasurer admitted he submitted a flawed judgment entry to the court for the court's signature, which specified both properties in a single entry and that did not state that the parcels were to be sold separately. *See* Treasurer's Motion to Vacate (filed Mar. 11, 2019). Counsel also conceded that he miscalculated the minimum bid on the property; counsel failed to include the full amount of taxes due and owing by omitting that which was due on Parcel 012. *Id.* While, generally, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1), *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976), in this case the mistake or neglect of the treasurer's attorney rendered the foreclosure document void. In addition, as soon as the treasurer became aware of the issue, less than three months after the judgment of foreclosure was issued, it filed its motion to vacate. Thus, we cannot say that the trial court abused its discretion in granting the Civ.R. 60(B) motion.

{¶ 20} The first and second assignments of error are overruled.

**ASG's counterclaim**

{¶ 21} In the third assignment of error, ASG argues that the trial court erred in granting the treasurer's motion to dismiss ASG's counterclaim.

{¶ 22} ASG's counterclaim asked the trial court to issue a declaratory judgment holding that: (1) ASG purchased the property at sheriff's sale free and clear of all taxes, assessments, charges, interest, and penalties; (2) ASG is entitled to have the sheriff execute and record a deed conveying title to the property to ASG; (3) the sheriff is obligated to execute and record a deed with the treasurer, which conveys the property to ASG; and (4) ASG is entitled to any other relief as may appear necessary and appropriate, including attorney fees and costs.

{¶ 23} The treasurer argued in its motion to dismiss the counterclaim that ASG lacked standing to bring its counterclaim; the treasurer makes the same argument on appeal. In response, ASG contends that it had standing to file the counterclaim as the winning bidder at the foreclosure sale.

{¶ 24} The trial court granted the motion to dismiss ASG's counterclaim, but did not state its reasoning for granting the motion. We find that ASG had standing to file its counterclaim. At the time the counterclaim was filed, the trial court had confirmed the sale of the property and ASG was the successful purchaser. *See generally Ohio Savs. Bank v. Ambrose*, 56 Ohio St.3d 53, 56, 563 N.E.2d 1388 (1990) (holding that purchasers at a foreclosure sale have no vested interest in the property prior to confirmation of the sale by the trial court). That said, the trial court did not abuse its discretion, however, in dismissing the

counterclaim. Once the trial court determined that the judgment entry of foreclosure was void, granted the treasurer's motion to vacate, and vacated the sale, the court was no longer able to grant ASG the relief it requested.

{¶ 25} Accordingly, the third assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

RAYMOND C. HEADEN, J., CONCURS;
KATHLEEN ANN KEOUGH, J., DISSENTS
WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, J., DISSENTING WITH OPINION

{¶ 27} I respectfully dissent. I would reverse the trial court's decision and remand for further proceedings. The appellees moved to vacate the foreclosure decree and sale contending that the order is "void" because the trial court failed to comply with R.C. 5721.18(A) and that the decree and sale were "voidable" by R.C. 5721.19(B). Without explanation, the trial court granted appellees' motion. The

majority affirms the trial court's decision finding that the decree was "void" for failing to comply with R.C. 5127.18(A) when it did not list the parcels separately in the decree of foreclosure.

{¶ 28} I disagree that the order is void, but merely voidable, at best. A judgment rendered by a court that lacks subject matter jurisdiction or authority to act is void. Where a court that has jurisdiction, but improperly exercises that jurisdiction, the judgment is voidable. *P.C. Surveillance.net LLC v. Rika Group, Inc.*, 7th Dist. Mahoning No. 11 MA 165, 2012-Ohio-4569, ¶ 30, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. I would find that the trial court's omission of separating the decrees would be an improper exercise of its jurisdiction. Accordingly, insofar as the majority finds the judgment was void, I disagree.

{¶ 29} Moreover, I would find that the trial court's noncompliance with certain provisions of R.C. 5721.18 and 5721.19 are mere "irregularities" that prohibit this court or the trial court from justifying reversal on these grounds. Pursuant to R.C. 5721.19(F)(4), once the confirmation of sale is filed, "title shall not be invalid because of any irregularity, informality, or omission of any proceedings under this chapter, or in any processes of taxation, if such irregularity, informality, or omission does not abrogate the provision for notice to holders of title, lien, or mortgage to, or other interests in, such foreclosed lands or lots, as prescribed in this chapter." Without any evidence that notice was

insufficient, the trial court's omission in issuing separate foreclosure decrees does not render the sale invalid. Accordingly, I dissent.