SKINNER, APPELLEE, *v.* TURNER, EXRX., APPELLANT.

(No. 50021 — Decided February 18, 1986.)

*Robert Bruce Henn,* for appellee Thompson F. Skinner.
*Arthur L. Smith,* for appellant Caroline V. Turner, executrix.

KRUPANSKY, J. This appeal arises from a judgment of the Cleveland Municipal Court. After a review of the record before this court and on examination of the relevant law, the judgment of the lower court is modified in accordance with the following opinion.

The controversy concerns a five-week lease of appellant's motor home.[1] Appellee leased the home for the purposes of taking an extended driving vacation from Cleveland to the West Coast. While in possession of the motor home, appellee experienced difficulty with several aspects of the vehicle. This resulted in increased expenditures and considerable inconvenience. When appellee returned to Cleveland, appellant offered to reimburse appellee for various repairs to the vehicle documented by appellee. Appellee refused and filed suit.

Appellee's complaint alleged three causes of action, *viz.,* breach of implied warranty, negligence, and breach of contract. Appellee requested $1,332[2] in compensatory damages. Although the complaint failed to allege any theory for recovery of punitive damages, appellee did request $5,000 punitive damages. The case was tried to a judge without a jury or court reporter. At the conclusion of the trial, the court issued the following order:

"Case called for trial. Counsel and litigants present. Trial had. Judgment is rendered in favor of the plaintiff against the defendant in the amount of $5462.89 as compensatory damages of which amount $2995.00 is as and for attorney fees, and costs, for which judgment is rendered."

On appeal, the record consists of the pleadings, motions and a statement of

---

[1] The motor home was owned and leased by appellant's late husband. After his death, appellant, as executrix, was substituted as party defendant. For the purposes of this opinion, both appellant and her late husband will be referred to as "appellant."

[2] $1,332 represents a combination of the $207 actually expended by appellee while on vacation and a return of the full rental charge of $1,125.

the proceedings pursuant to App. R. 9(C)[3] compiled by the trial judge. This statement contains the following pertinent facts:

Appellee is a professional truck driver. His occupation has required him to drive and become familiar with several types of vehicles and their operation. At appellee's request and after hearing sufficient testimony, the trial court ruled appellee was qualified to testify as an expert witness on the subject of "tires, their capacity, the mounting of same and the understanding of the technicalities involved in their usage on commercial and recreational vehicles."

Appellee first contacted appellant about rental of the motor home in March 1978 in connection with a planned weekend trip to Virginia Beach, Virginia. Appellee posssessed and used the vehicle on March 10 and March 11, 1978 on his trip to Virginia. Throughout this two-day period appellee never ventured into the living-sleeping part of the vehicle, although it was available to him; he only occupied the cab or auto part. His wife was unable to remember whether she accompanied him on this trip. Appellee did not experience any problems with the operation of the vehicle.

On April 21, 1978, appellee again took possession of the motor home; he planned on beginning this vacation to the western states the next day, April 22, 1978. Prior to signing any agreement with appellant, appellee did perform an inspection of the outside and inside of the motor home. The inspection included an examination of the vehicle's tires. The extent and thoroughness of the examination are disputed by the parties. Subsequently, appellee signed a written lease agreement supplied by appellant.

On April 22, 1978, appellee, his wife and child began their journey westward. The wife testified she noticed fumes in the living-sleeping compartment immediately. Appellee did not inspect the exhaust system until he reached Phoenix, Arizona at which time he noticed the exhaust pipe was one foot too short. Just outside Phoenix, the fan belt became unfastened. In Arkansas, the transmission cable snapped and a tire blew out. Appellee telephoned appellant who authorized appellee to pay for the necessary repairs. Appellee needed to replace the blown tire as well as another tire with very little tread. Appellee also experienced problems with the heating and air conditioning in the living-sleeping area as well as the stove and refrigerator. Due to these problems, appellee's family was forced to eat in restaurants more often than they had expected and time was lost while the various mechanical failures were being serviced. When appellee returned to Cleveland he refused to accept the $207 offered by appellant to cover the costs of the tires and other items purchased by appellee.

Appellant presented bills to show the maintenance schedule of the vehicle.

---

[3] App. R. 9(C) provides:

"(C) Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to Rule 10, who may serve objections or propose amendments thereto within ten days after service. Thereupon, the statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act thereon prior to the time for transmission of the record pursuant to Rule 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."

234

A defense witness testified she rented the vehicle the day appellee returned it to appellant and experienced none of the problems alleged by appellee. Another defense witness testified most of the problems experienced by appellee were due to operator error.

The trial court judge, as the trier of fact, rendered judgment for appellee. Appellant now assigns the following four assignments of error:

I

"The trial court erred in granting judgment for plaintiff, for the reason that the decision of the trial court is against the manifest weight of the evidence."

II

"The trial court erred in granting judgment for the plaintiff for compensatory damages in the amount of $5462.89, for the reason the evidence does not support a claim for personal injuries."

III

"The trial court erred in granting $2995.00 as for attorney fees, for the reason no evidence was presented to show defendant had done anything [involving malice or fraud]."

IV

"The trial court erred in not granting attorney fees to defendant, for the reason that plaintiff agreed to pay plaintiff's [sic] attorney fees."

An appellate court has the authority to determine if a verdict or judgment is against the manifest weight of the evidence. *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148. However, the issues of weight and credibility are primarily for the trier of the facts. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212. This deference to the trier of facts is especially strong when a reviewing court's proceedings is confined to a statement of evidence prepared by the trier of facts. Accordingly, this court's decision to modify the judgment of the lower court is based on questions of law, not fact.

Appellee's complaint sounded in warranty, negligence and contract. The parties agree the warranty claim is derived from R.C. Chapter 1302. R.C. Chapter 1302 is entitled "Sales." R.C. 1302.01(A)(11) defines "contract" and "agreement" as follows:

" 'Contract' and 'agreement' *are limited to* those relating to the present or future sale of goods. 'Contract for sale' includes both a present sale of goods and a contract to sell goods at a future time. A 'sale' consists in the passing of title from the seller to the buyer for a price. A 'present sale' means a sale which is accomplished by the making of the contract." (Emphasis added.)

Thus, R.C. Chapter 1302, Ohio's version of Article 2 of the Uniform Commercial Code, is inapplicable to the instant action involving only a lease agreement of limited duration where the lessor specifically retains title to the subject matter of the lease. Cf. *Chelsea Industries, Inc.* v. *Accuray Leasing Corp.* (C.A. 1, 1983), 699 F.2d 58, 62.

Since the implied warranties of R.C. Chapter 1302 are inapplicable, there is no statutory basis for appellee's recovery on implied warranty. Furthermore, the lease agreement contains the clauses that follow:

(1) "owner makes no warranties as to the vehicle," and

(2) "no verbal agreement or informal writing shall in any way alter the terms of this agreement."

Appellee's cause of action, therefore, must be sustained on breach of contract or negligence. At trial and on appeal appellee has failed to demonstrate in any way the lease agreement was breached by appellant. Appellee has not directed this court's attention to any condition of the lease breached by appellant. Furthermore, while the thrust of the agreement is directed towards

delineating the lessee's (appellee's) responsibilities, the terms are not so onerous or oppressive as to raise the question of unconscionability, nor was the issue raised below.

With regard to a claim founded on negligence, appellee did not prove any of his complaints were the result of some negligent action by appellant. Appellee admitted he checked the tires before renting the vehicle. He also checked the inside of the vehicle. All appliances were shown to appellee and appellant demonstrated their manner of operation. Appellee has not demonstrated anything which appellant should have done but failed to do. Therefore, no breach of any applicable duty exists and there can be no recovery under a theory of negligence.[4]

Appellant did not guarantee appellee a trouble-free vacation. Appellant did lease a vehicle to appellee and did explain how to use the various items contained therein. By telephone conversation appellant also authorized appellee to order and pay for certain mechanical failures. When appellee returned from his trip, appellant tendered the amount of $207.95 to cover the authorized costs; therefore, these costs should be borne by appellant. The trial court's award of compensatory damages is modified to $207.95 to cover the costs of items actually purchased by appellee.

Since there exists no statutory authorization for the award of attorney fees in the case *sub judice,* the award of said fees is hereby vacated. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 75 O.O. 2d 224, 347 N.E. 2d 527. Had appellee been able to prove bad faith or malice,

appellee would have been entitled to an award of attorney fees. *Miller* v. *Internatl. Mercantile Corp.* (Feb. 28, 1980), Cuyahoga App. No. 40339, unreported. Appellee's complaint was void of any allegations of fraud or malice nor did appellee prove fraud or malice. Although the trial court did allow testimony as to the reasonableness of both parties' attorney fees, the appellee never motioned the court for an amendment to his pleadings to include a cause of action for fraud or malice. Accordingly, the issue is not properly before this court since it cannot be raised for the first time on appeal. Cf. *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73, 4 O.O. 3d 195, 362 N.E. 2d 994.

Finally, appellant's contention her (appellant's) attorney fees should be taxed to appellee is without merit since the terms of the lease agreement require the lessee (appellee) to reimburse the lessor only when the lessor is forced to bring an action to enforce the lease. Since the action was initially against appellant, the subject clause is irrelevant to this proceeding. Moreover, appellant's failure to raise this issue in the trial court by counterclaim or other means precludes her raising it now for the first time on appeal. *Kalish* v. *Trans World Airlines, supra.*

Judgment modified in accordance with this opinion.

*Judgment affirmed as modified.*

PARRINO, C.J., and CORRIGAN, J., concur.

---

[4] Appellee's complaint, entitled "Complaint for Money Damages Only," alleged he suffered "mental anguish"; however, the statement of evidence prepared by the court makes only one mention of appellee's being "upset" because the vehicle was without air conditioning in Phoenix, Arizona. Assuming, *arguendo,* there was some negligence on the part of appellant, this finding of appellee's being "upset" is insufficient proof for an award of compensatory damages. Furthermore, although appellee testified his wife and child suffered from headaches and nausea, the wife and child were not parties to the litigation; therefore, the court could not award damages for injuries to non-parties. Medical expenses were neither pleaded nor proved.