MAUMEE VALLEY BROADCASTING ASSN., D. B. A. W. P. O. S., FM, APPELLEE, *v.* PORTERFIELD, TAX COMMR. OF OHIO, APPELLANT.

(No. 71-346—Decided February 16, 1972.)

*Mr. Theodore Markwood,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Dwight C. Pettay, Jr.,* for appellant.

KERNS, J. As a whole, the evidence presented to the Board of Tax Appeals may be characterized as candid and comprehensive. It lays open the internal operation of the corporation, and significantly, the record reflects no evidence, or any suggestion, that the religious operation of the appellee was prompted by a profit motive or initiated for material gain.

The record is, of course, subject to the usual guidelines established in tax cases, one of which provides that statutes relating to an exemption from taxation must be strictly construed. *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407. However, it is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine from an examination of the record whether the decision reached by the board is unreasonable or unlawful. *Hercules Galion Products* v. *Bowers* (1960), 171 Ohio St. 176.

In challenging the exemption, the Tax Commissioner argues that the appellee is not a church but a radio station, and in support of this argument, he has turned to certain definitions of the word ''church,'' as contained in Black's Law Dictionary.

But the appellee has likewise submitted various accepted definitions of the same word to support its position, and this multifarious use of the word ''church'' by the parties themselves tends to show that it is not susceptible to a precise definition.

With a view to substance, we are of the opinion that the appellant's isolation of the radio station from the to-

tal picture is unwarranted by the evidence in this case. The evidence amply shows that this facility merely implements the religious objectives of the organization. The character of any nonprofit corporation must be found in its motives, its charter, its purposes, its methods, and its operation. Here, the appellee, like most churches, has dedicated all its land and buildings to charity and religion, and the operation of the radio station is not alone sufficient to change the underlying foundation of the corporation. Within the scope of common understanding, the appellee has demonstrated by evidence the necessary attributes of a church.

The Tax Commissioner questions further the propriety of the exemption for the reason that the appellee does not have a body of communicants "gathered together in an order, or united under one form of government." Essentially, this contention is directed to the interdenominational make-up of the organization.

Admittedly, the appellee is not without some unique features, but having exhibited the essential qualities of a church, and all other things being substantially equal within the contemplation of R. C. 5739.02 (B)(12), we perceive no valid objection to its exempt status merely because it cannot, in a traditional sense, claim a certain congregation. In other words, a church of the type "that finds with joy the grain of gold in every creed, and floods with light and love the germs of good in every soul" cannot reasonably be denied exempt status for that reason alone.

We are of the opinion that the record in this case is fully supportive of the factual determination of the Board of Tax Appeals, and its decision must therefore be affirmed.

*Decision affirmed.*

O'NEILL, C. J., CORRIGAN, STERN and LEACH, JJ., concur.

HERBERT, J., concurs in the syllabus.
SCHNEIDER, J., dissents.

KERNS, J., of the Second Appellate District, sitting for DUNCAN, J. JUDGE KERNS of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE KERNS did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

SCHNEIDER, J., dissenting. I cannot agree that appellee's operations, however meritorious they are, constitute a "church" as the General Assembly must have used that term. Appellee has no doctrine and no government for its members with its concomitant, discipline.

It may well be operated for a "charitable purpose," in the broad sense, but the Board of Tax Appeals properly rejected that contention for the reason that, for a sales tax exemption, the term is most narrowly and specifically defined.