JOINT HOSPITAL SERVICES, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 77-650—Decided December 14, 1977.)

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Cletus R. Willems,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellee.

*Per Curiam.* Appellant contends that the sale of linen and laundry materials to a non-profit corporation, to be used in providing a laundry and linen service for the exclusive use of the member hospitals which incorporated, control and direct it, and of other subscriber institutions all of which operate non-profit hospitals or non-profit homes for the elderly, is not subject to the sales or use tax in this state.

Appellant's contention is premised upon R. C. 5739.-02 (B) (12), which provides:

"(B) The tax does not apply to the following:

"* * *

"(12) Sales of tangible personal property to churches and to organizations not for profit operated exclusively for charitable purposes in this state, no part of the net income of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which consist of carrying on propaganda or otherwise attempting to influence legislation.

"Charitable purposes means the relief of poverty, the improvement of health through the alleviation of illness, disease, or injury, the operation of a home for the aged, as defined in section 5701.13 of the Revised Code, the promotion of education by an institution of learning which maintains a faculty of qualified instructors, teaches regular continuous courses of study, and confers a recognized diploma upon completion of a specific curriculum, or the promotion of education by an organization engaged in carrying on research in, or the dissemination of scientific and technological knowledge and information primarily for the public.

"Nothing in this division shall be deemed to exempt sales to any organization for use in the operation or carrying on of a trade or business."

The General Assembly prescribes the requisite standard for determining the scope of "charitable purposes" relative to exemption from state sales taxation, and a statute granting exemption therefrom must be strictly construed. *Lutheran Book Shop* v. *Bowers* (1955), 164 Ohio St. 359,

362, 131 N. E. 2d 219. Exemptions are recognized only upon the showing that that which is claimed to be exempt falls clearly within the express meaning of the statute granting the exemption. The General Assembly encourages certain activities through the grant of tax-exempt status, but tax exemption is in derogation of the rights of all taxpayers and necessarily shifts a heavier tax burden upon the non-exempt. *Ohio Children's Society* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 32-33, 268 N. E. 2d 585.

Appellant submits that its relationship to the health care functions of the institutions it serves is so immediate, intertwined and necessary, that it effectively engages in the alleviation of illness, disease or injury. Appellant avers that the statutory definition includes activity having as its exclusive purpose the improvement of health, even if only indirectly.

Notwithstanding the proposition that the institutional consumers of appellant's services may engage exclusively in charitable purposes under R. C. 5739.02(B)(12), appellant's own functions fail the test established therein. Appellant's laundry and linen service in itself neither improves health through alleviating illness, disease or injury, nor constitutes managing a home for the aged.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J. HERBERT, CELEBREZZE, P. BROWN and SWEENEY, JJ., concur.

McCORMAC and LOCHER, JJ., dissent.

McCORMAC, J., of the Tenth Appellate District, sitting for W. BROWN, J.

McCORMAC, J., dissenting. The decision of the Board of Tax Appeals is not supported by logic or precedent.

The hospitals in Troy, Piqua, and Sidney formed a joint hospital commission which conducted a four-year

feasibility study which indicated that the construction and operation of a joint laundry facility would be the best means of replacing the outdated laundry and linen plants maintained individually by each of the hospitals. The commission specifically found that the construction and operation of a joint laundry facility would save $500,000 in construction costs, would reduce total employee requirements by 40 percent, and would assure continued accreditation of the hospitals by providing a laundry and linen service that met required infection control and quality standards. The study also indicated that existing commercial laundries were unable to meet these standards.

Therefore, in the public interest, the hospitals formed a corporation known as Joint Hospital Services, Inc., to build a laundry plant to provide jointly these needed auxiliary services. Each of the three hospitals selected three members of the nine-member board of trustees of the subordinate corporation, which is a not-for-profit corporation specifically limited to providing laundry services to nonprofit and charitable hospitals and nursing homes.

The sole issue in this cause is whether the sale of linen and laundry materials to Joint Hospital Services is exempt from the Ohio sales and use tax. Such sales are exempt if to an organization not for profit, operated exclusively for charitable purposes. In *Good Samaritan Hospital* v. *Porterfield* (1972), 29 Ohio St. 2d 25, this court held that a parking garage is an essential and integral part of the proficient operation of a hospital and that materials incorporated in it are exempt from sales and use taxes as it is a building used exclusively for charitable purposes. The court reasoned, at page 29, that facilities for parking are an " 'essential and integral part of the hospital's function' " and that they are " 'necessary for the hospital complex.' " The court stated further that parking is necessary to the basic operation of a hospital, and thus concluded that the exemption applies. The required charitable purpose of the hospital of improving health and alleviating illness or disease was also held applicable to its auxiliary parking enterprise.

Consistent with the *Good Samaritan* holding, each of the three member hospitals herein could have constructed new laundry facilities, and the facilities would have qualified for sales and use tax exemption, pursuant to R. C. 5739.02(B)(12), since a laundry facility, like a parking facility, is an essential and integral part of the hospital function. Actually, laundry facilities are even more closely related to the alleviation of illness or disease than parking, since improperly cleaned laundry can be the instrument for the spread of certain types of bacterial infections.

Joint Hospital Services, Inc., has no purpose for its existence apart from the operation of its three hospital incorporators and should be considered as merely an agency or arm of the parent corporations for tax purposes. See *Community Hospital Linen Services* v. *Commr. of Taxation* (Minn. 1976), 245 N. W. 2d 190. The fact that, for reasons of economy and efficiency, the facility provides essential and necessary auxiliary services to more than one charitable organization should not affect its tax status. R. C. 5739.02 contains no language, even strictly construed, that indicates that a jointly-owned organization is to be judged by different standards.

The decision of the Board of Tax Appeals places form over substance and discourages the pooling of resources by charitable organizations to provide needed auxiliary services at a lower cost to all. In these days of rapidly rising costs, particularly of hospital services, it is important that all possible encouragement be given to innovative measures for reduction of waste and duplication of services. The technical and unreasonable interpretation of R. C. 5739.02 by the board has a chilling effect on progressive measures such as those undertaken herein in the public interest.

The decision of the Board of Tax Appeals should be reversed.

LOCHER, J., concurs in the foregoing dissenting opinion.