AKRON GOLF CHARITIES, INC., APPELLANT, *v.* LIMBACH,
TAX COMMR., APPELLEE.

[Cite as Akron Golf Charities, Inc. *v.* Limbach (1987), 34 Ohio St. 3d 11.]

(No. 87-197—Decided December 9, 1987.)

*Roetzel & Andress, George R. Sarkis* and *Kevin J. Breen,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* Charities asserts that it is exempt from sales and use taxes because it is a charitable organization within the definition of R.C. 5739.02 (B)(12). This section states in pertinent part:

"The tax does not apply to the following:

" * * *

"(12) Sales of tangible personal property or services to churches and to nonprofit organizations operated exclusively for charitable purposes in this state, no part of the net income of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which consists of carrying on propaganda or otherwise attempting to influence legislation.

"Charitable purposes means the relief of poverty, the improvement of health through the alleviation of illness, disease, or injury, * * * the operation of a home for the aged, as defined in section 5701.13 of the Revised Code, * * * the promotion of education by an institution of learning which maintains a faculty of qualified instructors, teaches regular continuous courses of study, and confers a recognized diploma upon completion of a specific curriculum, * * * or the promotion of educa-

tion by an organization engaged in carrying on research in, or the dissemination of scientific and technological knowledge and information primarily for the public. Nothing in this division shall be deemed to exempt sales to any organization for use in the operation or carrying on of a trade or business."

Appellee argues that Charities is not operated exclusively for charitable purposes within the meaning of the aforementioned code section. We agree with appellee to the effect that "[a]n exemption is to be granted only upon a showing that that which is claimed to be exempt is clearly within the express meaning of the statute granting the exemption." *Ohio Children's Society* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 32, 55 O.O. 2d 17, 18, 268 N.E. 2d 585, 587. However, we would note that sales and use taxes are levied upon the purchase or use of personal property, and it is neither the use of the property sold nor the use of all of the real or personal property of the organization that controls the applicability of the exemption. It is the nature of the organization itself which allows for the applicability or the nonapplicability of the exemption. We are bound by the legislative definition of the term "charitable purposes." Sales to nonprofit organizations operated exclusively for charitable purposes where no part of the net income inures to the benefit of any private shareholder or individual and no substantial part of the activities of the organization consists of carrying on lobbying efforts are exempt from sales tax.

We must hold that the position of the BTA as affirmed by the court of appeals is erroneous as a matter of law in that it ignores the fundamental purpose of Charities. In denying the tax-exempt benefits sought by Charities, the BTA concluded that the appellant is in the business of staging a golf tournament and that, of course, the golf tournament itself is a profit-making endeavor.

There is no question that the operation of a golf tournament or for that matter any sort of endeavor in which prize money is awarded to contestants has many of the characteristics of a profit-making business. However, the focus of the exemption granted by the legislature is always unequivocally placed on the purpose and actual operation of the corporation that desires the exemption. Charities' purpose is one that is restricted by its articles of incorporation, its code of regulations, and its federal tax exemption in part to serving the charitable needs of the Akron community. Charities is committed to raising money for Akron charities, which in turn render help and assistance to those in need or serve the educational needs of the greater Akron area.

Appellee does not argue that Charities has violated its articles of incorporation. Indeed, the BTA lauded the activities of Charities. To suggest that Charities has the status of a "business" solely because it staged a major golf tournament simply ignores the fact that the golf tournament is nothing more than a means to a charitable end.

Our decision in *Maumee Valley Broadcasting Assn.* v. *Porterfield* (1972), 29 Ohio St. 2d 95, 58 O.O. 2d 192, 279 N.E. 2d 863, is applicable to the case before us. That case involved the operation of a radio station, which supported the religious purposes of the taxpayer corporation. The Tax Commissioner challenged Maumee Valley's claim to a sales tax exemption arguing that Maumee Valley was a radio station and thus should be taxable. We held that the operation of the station was but a means to a charitable end

and upheld the exemption. This court placed great emphasis on the fact that there was no evidence of any profit motive by the corporation or its officers and that the corporation was not being operated for material gain. We rejected the posture of the Tax Commissioner, holding that "with a view to substance, we are of the opinion that the appellant's isolation of the radio station from the total picture is unwarranted by the evidence in this case. The evidence amply shows that this facility merely implements the religious objectives of the organization. *The character of any nonprofit corporation must be found in its motives, its charter, its purposes, its methods, and its operation.*" (Emphasis added.) *Id.* at 97-98, 58 O.O. 2d at 193, 279 N.E. 2d at 865. This must be the focus in the case at bar as Charities' articles of incorporation dedicate its purpose in part to "charitable purposes," which are defined as the alleviation of distress, poverty and the promotion of education in the Akron area. See Section 1.501(c)(3)-1, Title 26, C.F.R. Charities has carefully operated within these mandates.

Charities' stated purpose dovetails with the definition prescribed by R.C. 5739.02(B)(12). Appellee does not even suggest that the largess bestowed on the sundry charitable organizations is being spent for a purpose that is outside the broad legislative definition contained within that section. However, appellee vigorously argues that because Charities does not distribute all of its annual income (maintaining a reserve for contingencies) and the

World Series of Golf is a major sporting event, the exemption should not apply.

The latter argument ignores our holding in *Maumee Valley,* where, as stated *supra,* we stressed that the operation of a radio station was but a means toward a charitable end. Appellee's suggestion that maintaining a contingency fund would have the effect of negating the exemption borders on the fatuous. Rain is the mortal enemy of an economically successful outdoor sporting event. Inclement weather ofttimes visits Summit County. To ignore this fact of life would be folly on behalf of Charities' board of trustees.

We would agree that the activities of professional golfers do not suggest a charitable purpose, as these players are well and duly compensated for their competitive skills. However, to hold that a golf tournament — or any other method used to raise funds for a clear charitable purpose — is a taxable event would fly in the face of the reason the General Assembly granted the tax exemption in the first place. The exemption's clear purpose is to give encouragement and support to nonprofit organizations that contribute to charitable efforts to alleviate illness, improve education, or disseminate scientific and technological knowledge primarily for the public. Unlike the taxpayer in *Joint Hospital Services* v. *Kosydar* (1977), 52 Ohio St. 2d 153, 6 O.O. 3d 371, 370 N.E. 2d 474, Charities is not selling its services to charitable organizations. Charities' mission is the giving away of its net revenues to charity.[1]

---

[1] Likewise, *OCLC Online Computer Library Center* v. *Kinney* (1984), 11 Ohio St. 3d 198, 11 OBR 509, 464 N.E. 2d 572, is inapposite inasmuch as the taxpayer was providing a service by way of bibliographic information to libraries for a profit. While *OCLC* involved a nonprofit corporation, this organization was in fact directly operating a "business" at a profit within the meaning of R.C. 5739.02(B)(12), in competition with other companies in like pursuits.

Accordingly, we hold that Charities is an organization operated exclusively for charitable purposes and entitled to the exemption set forth in R.C. 5739.02(B)(12). The judgment of the court of appeals is reversed and final judgment is rendered for appellant.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

LOCHER, DOUGLAS and H. BROWN, JJ., concur in judgment only.