THE WAY INTERNATIONAL, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as The Way International *v.* Limbach (1990), 50 Ohio St. 3d 76.]

(No. 89-244—Submitted January 16, 1990—Decided April 11, 1990.)

*Baker & Hostetler, Edward J. Bernert, George H. Boerger, Christopher Swift, Kaufman & Cumberland* and *James A. Scott,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David G. Lambert,* for appellee.

*Per Curiam.* During the audit period, R.C. 5739.02(B)(12)[3] provided:

"The [sales] tax does not apply to the following:

---

[3] The commissioner issued a use tax assessment. However, R.C. 5741.02(C)(2) renders sales tax exemptions applicable to the use tax.

"* * *

"(12) Sales of tangible personal property to churches and to organizations not for profit operated exclusively for charitable purposes in this state, no part of the net income of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which consists of carrying on propaganda or otherwise attempting to influence legislation.

"* * *

"Nothing in this division shall be deemed to exempt sales to any organization for use in the operation or carrying on of a trade or business." 135 Ohio Laws, Part II, 1252, 1254.

First, The Way argues that it is a church and that its purchases are entitled to exception. Second, it maintains that the "trade or business" restriction of R.C. 5739.02(B)(12) does not apply to it because the clause applies only to charitable organizations and not to churches. Alternatively, it contends that it does not operate a trade or business. The commissioner argues that The Way is not a church, referring to several features of its operation which, she maintains, distinguish it from a church. Alternatively, the commissioner asserts that The Way, in selling books and tapes, is a business and that sales to it are taxable. We hold that The Way is a church, that its purchases for use in operating or carrying on a trade or business are taxable, and that, as to the purchases under review, it did not operate or carry on a trade or business.

I

We observe that "[t]he really religious beliefs are always common to a determined group which makes profession of adhering to them and to practicing rites connected with them * * *. In all history, we do not find a single religion without a Church."

Durkheim, The Elementary Forms of the Religious Life (1915) 43-44, quoted in *Malnak* v. *Yogi* (C.A. 3, 1979), 592 F. 2d 197, 209, fn. 44 (Adams, J., concurring in judgment). The First Amendment to the United States Constitution grants individuals the right to believe in religion, but R.C. 5739.02 (B)(12) exempts a *church* from paying sales tax on its purchases. A church, thus, in general terms, is an assemblage of individuals who express their adherence to a religion.

In *Maumee Valley Broadcasting Assn.* v. *Porterfield* (1972), 29 Ohio St. 2d 95, 58 O.O. 2d 192, 279 N.E. 2d 863, we exempted the purchases of a nonprofit religious corporation that had the essential attributes of a church, despite its operating a radio facility. We mentioned several facts about the association's operations that indicated that the association had the essential attributes of a church. The association "* * * conduct[ed] religious activities both on its premises and by use of its broadcasting facilities. It render[ed] basic religious services and programs to the general public. It serve[d] missions, engage[d] in child evangelism work, establishe[d] Bible clubs, serve[d] shut-in listeners, gather[ed] food and clothing for distribution through authorized agencies, cooperate[d] in various ways with recognized charitable and health organizations, provide[d] counselling services, and promote[d] educational programs for various bible and religious schools." *Id.* at 95-96, 58 O.O. 2d at 192, 279 N.E. 2d at 864.

The association, moreover, was interdenominational and allowed the community to use its facilities for church services and related programs. Its full-time staff, including two ordained ministers, provided pastoral care, engaged in gospel preaching, conducted worship services, and participated generally in other routine

church activities. It had been granted tax-exempt status by the Internal Revenue Service and a real property tax exemption by the BTA. The association's lack of a profit motive also impressed us.

We eschewed dictionary definitions of "church" and, instead, cited the association's character as support for our holding that it was a church. We believed that this character "must be found in * * * [the association's] motives, its charter, its purposes, its methods, and its operation.* * *" *Id.* at 98, 58 O.O. 2d at 193, 279 N.E. 2d at 865. We felt that the association had demonstrated that it exhibited the necessary attributes of a church and that the additional operation of a radio station, which implemented its religious objectives, did not change its underlying foundation.

Under the *Maumee Valley Broadcasting Assn.* criteria, The Way qualifies as a church. It has adherents. It adopts the Bible as the main source of its dogma, it propagates a comprehensive set of religious objectives and beliefs which attempt to answer its adherents' religious concerns, and it conducts services, both at its Bible Research Center and at twig meetings. It employs ministers who preside at sacramental ceremonies, operates schools to train ministers, and sends forth missionaries to spread its beliefs. Its character, found in its "motives, its charter, its purposes, its methods, and its operation[,]" is that of a church. It is, thus, eligible for the exemption.

## II

We will not explore the statutory analysis advanced by The Way to support its argument that a "church" is not included within the phrase "any organization" as used in R.C. 5739.02(B)(12). That statute imposes a tax on sales to any organization for use in a trade or business. As the commissioner argues, the term "any organization" is inclusive. A church is an organization, and this provision applies.

Finally, as to whether The Way's sale of books and tapes is a business, thus rendering purchases for this operation taxable, we quote the definition of "business" contained in R.C. 5739.01(F):

" 'Business' includes any activity engaged in by any person with the object of gain, benefit, or advantage, either direct or indirect."

In *Akron Golf Charities, Inc.* v. *Limbach* (1987), 34 Ohio St. 3d 11, 516 N.E. 2d 222, we held that an organization which operated golf tournaments, the proceeds from which it distributed to local charities, was not a business for the purposes of the sales or use tax. We cited *Maumee Valley Broadcasting Assn.* v. *Porterfield, supra,* and required the earlier mentioned review of the organization's motives, charter, purposes, methods, and operation. *Id.* at 13-14, 516 N.E. 2d at 225. In *Akron Golf Charities,* we regarded the golf tournament as a means to a charitable end. Similarly, the operation of a radio station in *Maumee Valley Broadcasting Assn.* was a means to a charitable end. We emphasized that the corporation or its officers had no profit motive and that they did not operate the corporation for material gain. *Akron Golf Charities, supra,* at 14, 516 N.E. 2d at 225.

Here, we hold that The Way advances its religion by selling these disputed materials. Despite receiving more for these items than it paid for them, The Way did not distribute any profit to its trustees, officers, or employees but, instead, paid them modest salaries. The Way accumulated these profits and expanded its opera-

tions, including building a new church facility. Moreover, The Way's prime source of funding came from voluntary contributions. The Way's motive is to advance its religion, and it employs the books and tapes in a functionally related way to accomplish this. Selling books and tapes to its followers is not a business but is a means to its religious ends.

Accordingly, we reverse the decision of the BTA and remand this cause for a decision consistent with this opinion.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., concurs in judgment only.