[Cite as *Yousef v. Yousef*, 2019-Ohio-3656.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MAAN YOUSEF,                                      :

    Plaintiff-Appellant,              :

                               No. 107453

    v.                                :

AMID YOUSEF, ET AL.,                             :

    Defendants-Appellees.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 12, 2019

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CV-15-846717 and CV-17-875614

---

### *Appearances:*

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan, *for appellant.*

Costanzo & Lazzaro, P.L.L., and Raymond J. Costanzo, *for appellees.*

SEAN C. GALLAGHER, J.:

{¶ 1} Maan Yousef appeals from the judgment entered in his favor against the Yousef Living Trust in the amount of $500 and the judgment entered against Maan on the claim for forcible entry and detainer. There are two actions that were consolidated for trial. A forcible entry and detainer action was filed on behalf of the

Yousef Living Trust by Amid Yousef as trustee, against Maan's corporation, JoJo's Smokeless World, Inc. ("JoJo's"). Maan filed a tort and breach-of-contract action against his brother Amid, Diane Yousef (Amid's wife), the Yousef Living Trust, and kaboompages.com, an internet advertising entity owned by Amid. For the following reasons, we affirm.

{¶ 2} Amid and Maan have a history of joint business ventures. Diane and Amid are co-trustees of the Yousef Living Trust ("the Trust"). Maan worked for Amid in an automotive accessories business during the late 1980s. By the mid-1990s, the business included 12 retail stores in the Northeast Ohio area. Maan spent some time in prison in the 1980s, and after being released, Maan agreed to manage one of the stores. According to Maan, he was to receive half the profits from the store for compensation and was promised a 50 percent ownership interest in the company as a whole. The agreement was never memorialized by a writing. Maan left Amid's business and struck out on his own in 1991 to operate a competing business. By 1994, Maan was arrested for drug-related charges and sentenced to 19 years in federal prison. Amid's corporation for the automotive accessories business ceased operations and dissolved while Maan was serving the prison sentence.

{¶ 3} Maan was released from prison in 2012, and the brothers discussed another business venture. It was then that Maan also claimed a right to compensation for Maan's half-ownership interest in Amid's closed business, with Maan claiming the business took in over $9 million in profits before closing.

{¶ 4} Maan and Amid agreed to open a smokeless tobacco shop ("vape shop") in a North Olmsted building owned by the Trust. Maan and Amid met to discuss the matter in the early part of 2014, and according to Maan, Amid agreed to transfer the North Olmsted property to Maan in exchange for Maan releasing his claim against Amid based on the 1980s business venture. There is conflicting testimony with respect to the existence of this arrangement. Nevertheless, Amid was taking a one-fifth ownership interest in the soon-to-be-formed vape shop and he also agreed to provide the marketing for the startup through Amid's other business venture, kaboompages.com. In August 2014, the brothers discussed a lease arrangement for the North Olmsted property. Nothing came of that discussion.

{¶ 5} During the first half of 2014, Maan began renovating the building and he personally financed the repairs. The repairs were extensive and ultimately increased the value of the property by $50,000. The vape shop opened for business in July 2014 under the name JoJo's. But by August, the brothers' relationship had soured. In January 2015, Amid renounced his ownership interest in JoJo's but continued to insist on Maan signing a lease for the building. The lease agreement never materialized, and the brothers' disagreement turned litigious.

{¶ 6} Maan was the first to file a lawsuit. In that complaint ("tort action"), drafted pro se, Mann advanced several tort, breach-of-contract, or equitable claims against Amid, Diane, the Trust, and kaboompages.com in the Cuyahoga County Court of Common Pleas. Maan claimed that the defendants breached a contract to transfer the North Olmsted property free and clear to Maan and also breached a

contract to provide Maan a 50 percent stake in the 1980s business venture, that defendants were liable for quantum meruit and unjust enrichment based on Maan's personal investment in the renovations to the property before JoJo's was incorporated and opened its doors, and that the defendants were liable on a claim for fraud and tortious interference and other claims irrelevant to this appeal.

{¶ 7} Amid, as trustee of the Trust, responded in kind, and filed a forcible entry and detainer action ("eviction action") in Rocky River Municipal Court against JoJo's. The eviction action spent time ping-ponging from the municipal court to the common pleas court. Originally, JoJo's filed a counterclaim asserting claims mirroring those advanced by Maan in the tort action. The counterclaim exceeded the municipal court's statutory jurisdiction, so the court certified the entire case to common pleas court under Civ.R. 13(J). *State ex rel. El Turk v. Comstock*, 2018-Ohio-2125, 113 N.E.3d 1122, ¶ 11 (8th Dist.); *Bohinc v. Stafford*, 8th Dist. Cuyahoga No. 52335, 1987 Ohio App. LEXIS 6928, 1 (Mar. 19, 1987). At this time, a case management conference was held in the tort action, and according to Maan, the parties agreed to delay the filing of an answer in anticipation that the eviction action would be consolidated into the tort action and an amended complaint filed.

{¶ 8} Instead of the eviction action proceeding in the common pleas court, the trial court in the eviction action[1] dismissed the counterclaim advanced by JoJo's as duplicative of the claims Maan asserted in the tort action (despite the fact that the

---

[1] The eviction action was initially assigned to a different judge.

named parties were independent of each other such that, at best, the claims merely echoed those advanced in the tort action). After dismissing the counterclaim, the trial court sua sponte transferred the eviction case back to municipal court claiming that absent the counterclaim, the matter was within the jurisdictional limits of the municipal court.

{¶ 9} The trial court in the eviction action, however, lacked authority to transfer the case back to the municipal court. The parties have not assigned error with this procedural irregularity. We simply note that "after a case is transferred from municipal court to a court of common pleas, 'the case shall then proceed as if it had been commenced originally in the court of common pleas.'" *Liberty Retirement Community of Middletown, Inc. v. Hurston*, 12th Dist. Butler No. CA2013-01-006, 2013-Ohio-4979, ¶ 13, citing R.C. 1901.22(G). There is no procedural mechanism for the common pleas court to reject or return the case to a municipal court following the municipal court's reliance on Civ.R. 13(J). *See, e.g.*, *Stockton Sales, Inc. v. Scott*, 2d Dist. Greene No. 89 CA 30, 1989 Ohio App. LEXIS 4799, 7 (Dec. 20, 1989). Once the municipal court certified the action to the common pleas court, under R.C. 1901.22(G), the action was to be treated as if it were originally filed in that court. As a general principle, a common pleas court lacks authority to transfer a case to municipal court even if the amount in controversy is within the concurrent jurisdiction of both courts. There is no exception for cases that are certified under Civ.R. 13(J).

{¶ 10} The municipal court nonetheless proceeded to address the merits of the eviction action, but before entering a final judgment, the court ordered the case to be transferred to the common pleas court to be consolidated with the tort action. By this time, there was no counterclaim that exceeded the municipal court's jurisdiction, so that action was also improper although it seemed judicially expedient. Civ.R. 13(J). During this time, the tort action was set for trial. On the morning of trial, the parties notified the trial court of the procedural issues and the municipal court's order. Upon agreement of all parties, the trial court ordered the eviction action to be consolidated for trial with the tort action and trial commenced. Although procedurally this achieved what could have been done earlier, it deprived the trial court of the ability to review the file and the pleadings in the eviction action before trial. Essentially, the trial court was limited to considering the claims in the eviction action as the parties presented them because of the last-minute procedural maneuver. During the trial, the distinction between Maan and his corporate entity JoJo's was, at best, muddled — for the most part, both sides treated Maan as the party in possession of the property. In part, this had to be so because of Maan's personal claim for damages on the breach-of-contract and unjust enrichment counts that in part depended on his personal possession of and the financing of the renovations to the retail space.

{¶ 11} The trial court issued a detailed opinion resolving the parties' dispute. Although the trial court discussed and resolved the eviction action at trial, during the pendency of this appeal, JoJo's and Maan vacated the premises. Any assigned

error (more specifically, the first and the second assigned errors in this appeal) or discussion of the eviction issue with respect to Maan has been rendered irrelevant and is therefore moot. *Cleveland v. Spears*, 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, ¶ 7 (settling the case and controversy through satisfaction of judgment renders appeal from that judgment moot).[2] On the remaining issues for this appeal, the trial court concluded that Maan's claim for ownership of the North Olmsted property failed because the Trust, the only party in a position to deed the property to Maan, did not receive any consideration, and therefore, any contract would be unenforceable. Judgment was also rendered in favor of the remaining defendants because only the Trust could have entered an agreement with Maan for the property. Further, the trial court concluded that Maan's claims, both for breach of contract and for promissory estoppel, were not supported by a preponderance of credible evidence.

{¶ 12} With respect to Maan's unjust enrichment claim, which was based on Maan's personal expenditure to renovate the North Olmsted property before JoJo's took possession, the trial court concluded that Maan was entitled to $50,000, which represented the increased value of the building following Maan's efforts. According to the trial court, Maan conferred a benefit on the building's owner, the Trust, in the amount of $50,000 based on the renovations performed and financed by Maan, and

---

[2] A motion to supplement the record was filed that included information suggesting that Maan and JoJo's had vacated the property and requested this court to deem the assigned errors pertaining to the eviction to be moot. Neither Maan nor JoJo's objected to such a course of action.

the Trust's retention would be unjust under the circumstances because the trustee, Amid, knew that an enforceable contract did not exist between the Trust and Maan and Amid took no steps to promote clarity in the dealings. *Lycan v. Cleveland*, 8th Dist. Cuyahoga No. 94353, 2010-Ohio-6021, ¶ 5.

{¶ 13} In addressing the final prong of the unjust enrichment analysis, however, the trial court concluded that it would not be inequitable for the Trust to retain a portion of the $50,000 benefit because Maan was not paying rent during the time he occupied the North Olmsted property. The trial court determined that Maan benefited from the nonpayment of rent because he would have had to pay $1,500 a month from the time JoJo's opened its doors in July 2014 through trial. That amount totaled $49,500. The trial court then concluded that Maan was entitled to a judgment of $500 for the unjust enrichment claim, which represented the net amount of benefit conferred upon the trust for Maan's efforts, and judgment in that amount was entered on the record. Maan timely appealed.

{¶ 14} In this appeal, Maan claims that the trial court erred by dismissing JoJo's counterclaims in the eviction action, by awarding the Trust legal setoff relative to the unjust enrichment damages, and by granting a motion for leave to file an answer instead of granting Maan a default judgment. In addition, Maan argues that the trial court's final judgment on the breach-of-contact claim was against the weight of the evidence. Finding no merit to any of the assigned errors, we affirm.

{¶ 15} In the dismissed counterclaim, JoJo's asserted claims on its behalf mirroring those that Maan asserted in the tort action. The trial court incorrectly

dismissed the counterclaims as duplicative of Maan's claims in the tort action. JoJo's is a separate legal entity with the right to maintain its own claims, even if such claims are similar to Maan's claims. It is well established that a "'corporation is an entity separate and apart from the individuals who compose it; it is a legal fiction for the purpose of doing business.'" *Chagrin Realty, Inc. v. Testa*, 154 Ohio St.3d 352, 2018-Ohio-4751, 114 N.E.3d 204, ¶ 17, quoting *Agley v. Tracy*, 87 Ohio St.3d 265, 268, 1999-Ohio-61, 1999-Ohio-65, 719 N.E.2d 951. Corporations maintain the right to sue or be sued independent of the individuals who own the entity. The trial court erred in treating JoJo's as synonymous with Maan. However, any error with the dismissal of the counterclaims was rendered harmless by the trial court's reasoned verdict in the consolidated action.

{¶ 16} "In a civil action, 'no error in * * * any ruling or order or in anything done * * * by the court * * * is grounds for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'" (Ellipses sic.) *Capital One Bank (USA) N.A. v. Ryan*, 10th Dist. Franklin No. 14AP-102, 2014-Ohio-3932, ¶ 29, quoting Civ.R. 61. Because JoJo's claims mirrored Maan's claims, any error in failing to consider JoJo's claims separately was harmless — those claims were inextricably tied to Maan's claims. Importantly, the trial court addressed the claims on the merits and did not conclude that JoJo's was the party in interest who lost solely on the basis of having failed to timely assert its claims — the only conclusion that would negate the harmless-error analysis. Further, Maan was awarded a judgment on the unjust enrichment claim, meaning

that JoJo's could not recover on the same claim. According to the judgment, Maan personally funded the renovations and personally took possession of the North Olmsted property before JoJo's came into existence. If JoJo's was the actual tenant or the party responsible for the renovations, upon which the judgment in Maan's favor is based, the judgment in Maan's favor would be legally erroneous. *Akerstrom v. 635 W. Lakeside, Ltd.*, 2018-Ohio-98, 105 N.E.3d 440, ¶ 19 (8th Dist.). In light of the validity of the judgment, any error in dismissing JoJo's claims is at best harmless error.

{¶ 17} With respect to the alleged setoff of damages on Maan's unjust enrichment claim, there is no error. Although Maan claims that the unpaid rent constituted a setoff of the unjust enrichment damages, this is a misnomer. Unjust enrichment is an equitable claim. "Unjust enrichment is an alternative theory of recovery, which 'operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.'" *Cantlin v. Smythe Cramer Co.*, 2018-Ohio-4607, 114 N.E.3d 1260, ¶ 41 (8th Dist.), quoting *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, ¶ 19. In resolving the final prong of the analysis, courts must consider whether the defendant is unjustly retaining a benefit. *Id.* Maan's characterization of the trial court's determination as being a setoff is misplaced.

{¶ 18} Setoff, in the traditional sense, is a legal claim. "[S]etoff 'is that right which exists between two parties, each of whom under *an independent contract* owes a definite amount to the other, to setoff their respective debts by way of mutual

deduction.'" (Emphasis added.) *Waverly City School Dist. Bd. of Edn. v. Triad AR, Inc.*, 4th Dist. Pike No. 17CA885, 2018-Ohio-4748, ¶ 40, quoting *Lewis v. United Joint Venture*, 691 F.3d 835, 839 (6th Cir.2012), and *Witham v. S. Side Bldg. & Loan Assn. of Lima, Ohio*, 133 Ohio St. 560, 562, 15 N.E.2d 149 (1938). "Setoff is a doctrine that allows entities who owe money to each other to cancel out or apply their mutual debts against each other thereby avoiding the 'absurdity of making A pay B when B owes A.'" *In re U.S. Aeroteam, Inc.*, 327 B.R. 852, 861 (Bankr.S.D. Ohio 2005). It is for this reason that Ohio courts require setoff to be affirmatively pleaded; the legal right to setoff stems from the parties' contractual agreements, which can be waived if not timely asserted. In this respect, the affirmative defense of setoff could not have been properly pleaded — the parties had not entered any independent contracts upon which the defendants could have asserted a right to money damages.

{¶ 19} In awarding Maan damages on the unjust enrichment claim, the trial court was required, as the trier of fact, to determine whether the Trust's retention of the $50,000 benefit conferred upon the Trust was inequitable under the circumstances. The trial court determined retention of a portion of the benefit would not be inequitable in light of the fact that Maan received use of the property rent-free for a significant period of time — thus Maan retained a benefit from the parties' noncontractual dealings. Maan has not presented any argument that the trial court's consideration of the rent-free tenancy as a matter of equity was in error. App.R. 16(A)(7). Maan's arguments are overruled.

{¶ 20} In the final two arguments, Maan suggests that the trial court improperly permitted a belated answer and the trial court's judgment in favor of the defendants on Maan's breach-of-contract claim was against the weight of the evidence because there is "ample evidence of a promise made by Amid Yousef to Maan Yousef that he was giving [Maan] the building to put the past behind him." We can summarily resolve both arguments.

{¶ 21} With respect to the latter argument, the trial court concluded that the Trust received no consideration for the North Olmsted property that Maan was claiming and, thus, there was no enforceable contract. Whether the evidence demonstrated a promise by Amid (in other words an offer and acceptance) is immaterial to the trial court's conclusion that no consideration for the promise flowed to the real party in interest, the Trust. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D.Ohio 1976) (contract requires proof of a promise that includes offer, acceptance, and consideration to be enforceable). Maan did not present an argument to address the trial court's conclusion. The judgment in favor of the defendants on the breach-of-contract claim is not against the weight of the evidence based on the arguments presented. App.R. 16(A)(7).

{¶ 22} With respect to the belated answer, a trial court's decision on a motion for leave to file a late pleading is reviewed for an abuse of discretion. *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14, 1997-Ohio-363, 684 N.E.2d 292. In Ohio, while not always dispositive, the prevailing view is in favor of deciding

cases on their merits. *Pinchak v. Prudhomme*, 8th Dist. Cuyahoga No. 94053, 2010-Ohio-3879, ¶ 10. In this case, the parties, through counsel, attended a pretrial conference immediately after service was perfected on the pro se complaint. A dispositive motion schedule was set. It was around this time that the eviction action was certified to the common pleas court, and the parties anticipated the matter being consolidated and an amended complaint forthcoming. It was agreed that the answer would be delayed to avoid unnecessary filings. Instead of the tort and eviction actions being consolidated as anticipated, the eviction action was returned to municipal court, derailing the parties' plans. Maan did not object to this characterization of the course of events. Although the answer was belatedly filed, we cannot say the trial court abused its discretion granting leave given the unique circumstances of this particular case.

{¶ 23} We affirm.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR